[File No. 6043.]

MATTIE: MAGEE, Respondent, v. THE EQUITABLE LIFE AS-SURANCE SOCIETY OF THE UNITED STATES, a Corporation, Appellant.

(244 N. W. 518, — A.L.R. —.)

Opinion filed August 3, 1932.   Rehearing denied October 19, 1932.

*Pierce, Tenneson, Cupler & Stambaugh,* for appellant.

*Lemke & Weaver,* for respondent.

HUTCHINSON, Dist. J. This action was brought to recover upon a certain certificate of insurance. The issues were tried to a jury, but when all the evidence had been submitted the trial Court found that there were no questions of fact to be determined by the jury, the jury was dismissed, and judgment was entered for the plaintiff for the amount specified in the certificate of insurance. From the judgment and from the order denying the defendant's motion for a new trial it has appealed.

Many of the facts are stipulated, and the controlling facts are not in dispute. On April 28th, 1919, the Louisville Gas and Electric Company made application to this defendant for a policy of group life insurance, which, in part, reads as follows: "To the Equitable Life Assurance Society of the United States:—Application is hereby made for a policy of group life insurance by Louisville Gas and Electric Company (herein called the employer), which insurance is to be

on the yearly renewable term plan, to be effective on May 1st, 1919. Said group life insurance is desired to cover all employees of the employer, who upon the effective date of this policy are regularly on the pay roll, on the basis of $500 to all employees in the service from six months to twelve months; $1,000 to all employees in the service over one year."

This application was accepted by the defendant and it issued to the Louisville Gas & Electric Company, and its subsidiaries its group policy, and the policy issued contained the following provisions:—"The Equitable Life Assurance Society of the United States hereby insures the lives of such employees of the Louisville Gas and Electric Company, and its subsidiaries (hereinafter called the employer) Louisville, Ky., as are enumerated in the record known as 'Insurance Register' kept by the Society, in the amount set opposite their respective names, for the term of one year from the date hereof, or for such part of said term as they shall respectively remain in the employment of the employer."

"The policy, together with the insurance register herein referred to, copy of the form of which is attached hereto, shall constitute the entire contract between the parties."

"This insurance is granted in consideration of the payment to the Society on the first day of each calendar month of the premium for the entire group of lives insured hereunder on the basis of the following table of premiums."

"A grace of thirty days will be granted for the payment of every premium after the first, during which period the insurance shall continue in force. Except as herein expressly provided, the payment of any monthly premium shall not maintain this policy in force beyond the date when the succeeding monthly premium becomes due."

"The insurance upon the life of any employee covered by this contract shall continue only so long as such person remains in the employment of the employer. All liability and obligation of the Society with respect to any such employee shall cease and determine immediately upon the termination of such person's employment with the employer, without regard to the cause of such termination, except that temporary leave of absence on military duty or naval service as set forth in the clause, 'Travel, Residence and Occupation,' on the second page of

this contract, or total disability under the conditions named below, shall not constitute termination of employment within the meaning of this clause."

"If an employee should become disabled for any cause occurring during employment so as to be unable to perform any occupation or work for gain or profit the employer may continue payments of premiums for the insurance on the life of such employee while so disabled, in which event the insurance shall continue in force during the period for which premiums are paid."

On September 23rd, 1926, by agreement attached to the group policy the name of the employer was changed to Standard Gas and Electric Company and its subsidiaries, which subsidiaries included the Northern States Power Company. By agreement which became effective September 24th, 1926, the employees in the service of the Northern States Power Company were insured under the group policy in accordance with the following plan:—$500 to all employees in service six months and less than one year; $750 to all employees in service one year and less than two years; $1,000 to all employees in service two years to three years.

On March 14th, 1927, John Magee was employed by the Northern States Power Company in the special construction department, with wages at forty cents per hour, and his name was placed upon the pay roll. This special construction department took care of any building or installation of machinery under contract. The work of John Magee was in the tool room. He was not employed for any definite time. He had a right to leave the employment at any time and the Northern States Power Company had the right to dispense with his services at any time, without reason. John Magee continued this work on the same project until December 6th, 1927, at which time the construction contract was completed, and he was then laid off by the Northern States Power Company, and his name taken from the pay roll. In the meantime and on September 26th, 1927, John Magee having been employed by the Northern States Power Company for a period of six months signed a statement giving the defendant, Assurance Society, his age, residence, date of employment, name of beneficiary and amount of insurance, and containing the following clause:—"It is expressly understood and agreed that all liability and obligation under the afore-

said policy, if issued, shall cease and determine immediately upon the termination of my employment with my employer as named above."

At the same time he signed an additional statement declining further insurance to be paid for out of his wages. Thereupon the name of John Magee was entered upon the insurance register of the Northern States Power Company kept by the defendant, and there was issued to him by the defendant an insurance certificate which contains the following statement:—"The Equitable Life Assurance Society of the United States hereby certifies that subject to the terms and conditions of group life insurance policy Number 5,448,244, the life of John Magee as an employee of Northern States Power Company, (hereinafter called the employer) is insured for the sum of $500 with the Equitable Life Assurance Society of the United States, and if death occur while in the employment of said employer and during the continuance of said policy."

"Termination and Conversion:—The insurance of any employee shall automatically cease and determine upon termination of employment with employer in the specified class of employees; but in case of such termination of employment for any reason whatsoever while insured the employee shall be entitled to have issued to him by the Equitable, without further evidence of insurability, upon application made to the Equitable within thirty-one days after such termination, and upon the payment of the premium applicable to the class of risk to which he belongs and of the form and amount of the policy at his then attained age, a policy of life insurance in any one of the forms customarily issued by the Equitable, except term insurance, in an amount equal to the amount of his protection under such group insurance policy at the time of such termination."

"For purposes of insurance re-employment will be classed as new employment. This individual certificate is furnished in accordance with the terms of said Equitable group insurance policy, which policy together with employer's application therefor constitutes the entire contract between the parties."

Attached to this certificate and forming a part of the same is a statement signed by an officer of the Northern States Power Company expressing the importance of loyalty and prompt service of employees, and in appreciation of such the presentation of this certificate of in-

surance for the benefit of the family of the employee and further stating that this insurance is issued without expense to the employee and with the wish that it may allay worry relative to the immediate protection of those near and dear. The contract between the defendant and the employer required the premiums for the employees listed in the group insured to be paid monthly, and it is admitted that the premiums in this case were paid by the employer, without any contribution from an employee directly or indirectly.

On December 8, 1927, the work in which John Magee was employed was finished and being paid according to the number of hours of service, he received from his employer a time slip, being in part as follows:

" Date 12–8, 1927,                           No. 45

"To paymaster: Not Negotiable

"Please pay J. Magee for time as listed hereon, chargeable to payroll ending 12–15–27.

"17 hours .40 per hr. amount 6.80.

"Deductions . . . . . . . . . . . . . . . .

"Check No. . . . . . . . . . . . ., Amount due 6.80.

"Reason leaving employ—Lay-off.

"All tools, instruments, etc., that have been issued to above employee have been returned to me.

                     " . . . . . . . . . . . . . . . Storekeeper.

"Payment received in full for services as listed hereon   .

                         Deft 103 AJL."

"[Signed] P. S. Hage

"Approved F. G.

On December 22, 1927, the insurance department of the employer reported to the defendant that the employment of John Magee had terminated and the defendant noted this upon the insurance register. No further premium was paid the defendant for insuring the life of John Magee, and his name was never thereafter placed upon defendant's insurance register. No notice was given to John Magee or to the plaintiff of the cancellation of the insurance, nor did Magee make any application to the defendant to convert his certificate into another form of life insurance policy as provided in the option given him in the certificate.

On February 1, 1928, Magee performed work by the hour for his employer, in the special construction department, and continued at this work until February 15, 1928. Becoming ill at that time no wages were paid him from that time on and his name was again taken from the payroll of his employer. He died June 16, 1928.

It is the contention of the plaintiff that while the deceased was from time to time "laid off" he was never discharged by his employer; and therefore continued in the employment of the company.

The finding of the trial court is that the deceased was in the employ of the Northern States Power Company at the time of his death; but appellant says the evidence is to the contrary. This question we do not here determine, for even if this court should find that John Magee was in the employ of the Northern States Power Company at the time of his death that fact would not be sufficient to entitle the plaintiff to recovery.

The certificate issued to John Magee states he was "insured for the sum of five hundred dollars with The Equitable Life Assurance Society of the United States if death occur while in the employment of said employer and during the continuance of said policy." The certificate expressly states, however, that this is "subject to the terms and conditions of Group Life Insurance Policy No. 5,448,244." As this opinion states the contract was between the defendant and the employer, and, except so far as the third person for whose benefit the contract was made could take advantage of the contract of the employer, there were no contractual relations between the defendant and these third persons.

It will be noted that, so far as the defendant is concerned, this was not an insurance policy carrying a cash surrender value or extension of insurance because of dividends or earnings as in an ordinary life insurance policy. The beneficiary had no interest in it except that if discharged he could convert it into another form of life insurance policy, if his application were made within a specified time. So far as John Magee was concerned the employer cancelled the insurance, without notice unless he was discharged and discharge would be notice. This action of the employer absolved the defendant from obligation. See Kowalski v. Ætna L. Ins. Co. 266 Mass. 255, 165 N. E. 476, 63 A.L.R. 1030. So far as the defendant is concerned the rights of the

parties were fixed by the contract made with the employer. See Hardie v. Metropolitan L. Ins. Co. (Mo. App.) 7 S. W. (2d) 746; Stoner v. Equitable L. Assur. Soc. 28 Dauphin Co. Rep. 235; Thull; etc. v. Equitable L. Ins. Co. (a decision by the court of Common Pleas of Richland County, Ohio); Davis v. Metropolitan Ins. Co. 161 Tenn. 655, 32 S. W. (2d) 1034, and Thompson v. Pacific Mills, 141 S. C. 303, 139 S. E. 619, 55 A.L.R. 1237.

The contract known as Group Policy No. 5,448,244 precludes liability thereunder unless the name of the employee is certified to the Assurance Society, is not cancelled and premiums are paid for him monthly. This non-liability here does not arise because the deceased was not in the employ of the company; but because the requirements of the insurance policy were not fulfilled for and on behalf of the deceased. His name *was* removed and no further premiums paid for him, hence the defendant is not liable on this certificate.

It is said the defendant failed to notify John Magee that his name was no longer certified and that no further premiums were paid for him. The defendant was not obligated to do so. Had it notified him his name was removed he could not have paid the premiums himself. If discharged he could have converted the certificate into another form of life insurance; but this action is predicated on the theory he was not discharged. If not discharged he could not convert his certificate into this other form of life insurance, and if discharged he knew it and failed to take advantage of this right.

We are not concerned with whether the employer made a mistake in certifying the deceased was no longer employed, and in failing to pay premiums for him and thus prevented him from converting the certificate into another policy. This is not an action against the employer. It did so fail to certify, and did fail to pay the premium, hence there can be no recovery against defendant on the certificate issued to John Magee.

Judgment is reversed and judgment ordered for appellant.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BIRDZELL, JJ., concur.

BURKE, J., did not participate; Hon. WM. H. HUTCHINSON, Judge of the Third Judicial District, sitting in his stead.