SPARTAN AIRCRAFT CO.
v. COPPICK.

No. 33364. June 21, 1949.

*207 P. 2d 790.*

E. H. Gubser, Rosenstein, Fist & Shidler, and Leslie Webb, all of Tulsa, for plaintiff in error.

Cleo Wilson, of Tulsa, for defendant in error.

GIBSON, J. This is an action brought by Nina Coppick against Spar-tan Aircraft Company, a corporation, to recover damages because of the alleged wrongful termination of a life insurance policy insuring the life of Malcolm Leon Barnes who was then an employee of defendant. The policy was issued by the Atlas Life Insurance Company under contract with defendant insuring the life of Malcolm Leon Barnes in the sum of $2,000 under beneficial certificate attached to the policy in which Charlie Burt Barnes was designated as beneficiary. Charlie Burt Barnes thereafter and during the lifetime of said Malcolm Leon Barnes died, and plaintiff alleges that she was thereafter substituted as beneficiary in lieu of and instead of said Barnes. Insured was employed by defendant on February 1, 1943, and the policy here under discussion was issued on the same day. Insured died on the 16th day of May, 1945. Prior to the date of his death defendant, however, had terminated his employment. The policy, among other things, provides:

"The insurance of the Employee hereunder shall terminate immediately upon the termination of his employment with the Employer. For the purpose of this insurance, employment ends when the Employee ceases to be actively engaged in his or her usual employment. . . .

"In case of termination of employment for any reason whatsoever, the Employee shall be entitled to have issued to him by the Company without evidence of insurability, upon application to the Company made within thirty-one days after such termination and upon the payment of the premium and subject to the restrictions, if any, applicable to the class of risks to which he belongs and to form and the amount of the policy at his then attained age, a policy of life insurance in any one of the forms customarily issued by the Company to the said class of risks, except term insurance, without total and permanent disability or other special benefits, in an amount equal to the amount of his protection under the said Group Policy at the time of the termination of his employment."

Insured Barnes was notified of the termination of his employment and his right to convert his certificate into a policy of life insurance as provided by the policy. On the date insured was employed by defendant a written contract of employment was entered into between the parties wherein it was stipulated and agreed that either party might terminate the employment at any time. On the same day this contract was entered into insured in writing accepted the insurance plan provided by defendant for its employees, applied for benefit certificate under the plan, and agreed that defendant might deduct from his wages the sum of $1.20 per month to apply upon part payment of the premium. Insured prior to the time he had accepted the plan was furnished with a written outline thereof in which he and all other employees of defendant were advised that any insurance obtained under the plan would automatically cease upon the termination of his employment. The certificate of insurance herein mentioned was issued under this application.

While this written contract of employment above mentioned and policy of insurance was still in force and effect defendant entered into another contract with International Association of Machinists for the benefit of all persons employed by it under the terms of which defendant agreed, among other things, that no employee shall be dismissed because of or on account of illness.

In addition to the above undisputed evidence plaintiff offered evidence tending to show that upon the death of the original beneficiary she was designated beneficiary of insured as provided by the terms of the policy authorizing and permitting a change of beneficiary; that insured's employment was terminated because of illness and in violation of the agreement entered into between the defendant and International Association of Machinists. Defendant offered evidence to the contrary on both such issues. These two issues constitute the only controverted issues of fact in the case. Without entering into analysis or discussion of the evidence relative thereto, we think it sufficient to say that both such issues must be resolved in favor of plaintiff.

Plaintiff's action is based on the theory the insured's employment was terminated in violation of the agreement entered into between defendant and machinist association, therefore wrongfully, and that she is entitled to recover damages because of such wrongful termination of employment, measured by the amount she would have been entitled to recover under the policy had it remained in full force and effect upon the death of insured.

The defense is based upon the following theories: (1) There was no contractual relation between plaintiff and defendant and that in no event can she maintain this action; (2) plaintiff had not been properly designated as beneficiary upon the death of the original beneficiary; (3) insured's employment was not terminated because of illness or in violation of agreement with the machinist union but was terminated because of inexcusable absenteeism.

The cause was tried to a jury. Defendant at the close of all the evidence requested the court to direct a verdict in its favor, which request was denied. The trial court in its instructions adopted the theory of plaintiff and over the objection and exception of defendant, among other charges, instructed the jury as follows:

" . . . and if you further find that the said Malcolm Leon Barnes was discharged because of his illness, then your verdict should be for the plaintiff for the amount of the policy, that is, the sum of $2,000.00"

In accordance with this instruction the jury returned a verdict in favor of plaintiff in the sum of $2,000, the amount mentioned in the certificate of insurance. Judgment was entered on the verdict in favor of plaintiff.

Defendant appeals and among other things contends: Assuming that plaintiff, upon the death of the original beneficiary, was properly substituted and designated as beneficiary, and assuming that the evidence is sufficient to establish that insured's employment was terminated because of illness and in violation of the terms of the agreement relied upon, plaintiff is nevertheless not entitled to recover and the trial court should have sustained its motion for a directed verdict. We think this contention well taken. There was no contractual relationship between plaintiff and defendant. It was under no duty or obligation to plaintiff as beneficiary to keep the policy in force. In 29 Am. Jur. p. 1032, sec. 1380, after a somewhat lengthy discussion of the duties and liabilities as between employer, employee and beneficiary under a group life insurance policy, it is said:

" . . . Indeed, it has been held that an employer which undertakes to keep alive insurance on the life of an employee by paying premiums out of his wages is not liable to the beneficiary, named in the certificate of the employee, for negligently permitting the policy to lapse without notice. The theory of this rule is that such an undertaking creates, at most, a gratuitous agency, in the course of which the employer might become liable to its principal, the employee, but not to the beneficiary to whom it owed no duty."

In the case of Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A. L. R. 1231, it is held in paragraph 10 of the editorial syllabus:

"An employer undertaking to keep alive insurance on the life of an employee by paying premiums out of his wages is not liable to the beneficiary named in the policy for negligently permitting the policy to lapse without notice."

In the further discussion of the case, the court in that case said:

" . . . It may be conceded that, under the circumstances presented by these counts, in view of its undertaking to pay the insurance out of the insured's compensation, the law imposed on the defendant the duty to notify the insured before allowing his insurance to lapse, and that the failure to give such notice was negligence that would afford a cause of action to its principal—the insured—but for such negligence it was not liable to the plaintiff. Reid v. Humber, 49 Ga. 207; Mechem, Agency (2nd Ed.) sec. 1479."

See, also, Thompson v. Pacific Mills, 141 S.C. 303, 139 S.E. 619; Gallagher v. Simmons Hardware Co., 214 Mo. A. 111, 258 S. W. 16; Wheeler v. Monsanto Chemical Works, Mo. App., 263 S. W. 881.

In the present case it is not denied that insured had received notice of termination of his employment and of his right to convert the benefit certificate into life insurance as provided by the terms of the policy and that he made no complaint as to such termination, nor did he make any attempt to convert the certificate into a life insurance policy. Under the finding of the jury we must conclude that insured's employment was terminated because of his absence on account of illness rather than because of inexcusable absenteeism and in violation of the agreement relied upon. Conceding this to be true, the contract was not made for and on behalf of plaintiff, as a beneficiary under the policy, but was made for and on behalf of insured, and any cause of action that may have existed because of a breach of this contract, under the authorities above cited, inured the benefit of the insured and upon his death to his representative and not to plaintiff.

Plaintiff further contends that the contract relied upon was entered into between defendant and machinist association while the contract of insurance was still in force; that this agreement and policy of insurance should therefore be construed together and the policy should be construed as though this clause of the contract was contained therein, and made for the benefit of plaintiff as beneficiary of Malcolm

Leon Barnes, and seeks to invoke the rule that a third party beneficiary may enforce a contract made for his benefit. We do not agree with this contention.

In the case of Canadian Coal Co. v. Lynch, 28 Okla. 585, 115 P. 466, we said:

"It is only when two or more writings are executed at the same time and between the same parties and concern the same subject-matter, or when the contracts are not executed at the same time, but refer to the same subject-matter, and on their face show that they are each executed as a means of carrying out the intent of the other, that they may be construed together."

In the present case the two instruments were not executed between the same parties. There are three parties concerned in the insurance contract, the employer, employee and insurance company. The insurance company is not a party to the contract of employment. The contracts do not deal with the same subject matter.

One of the contracts deals solely with the subject matter of insurance, the other with the employment of labor. It was not made a condition of the contract of employment relied upon that the employee take out insurance on his life. As to whether he did so was entirely at his option. Neither of these contracts was entered into for the purpose of carrying out the intent of the other.

Plaintiff's action is one for damages because of the dismissal of its employee insured and termination of the policy in violation of the terms of the contract relied upon. It cannot be said that these contracts should be construed together and made for the benefit of plaintiff.

Under no theory can plaintiff maintain this action. The trial court should have sustained defendant's motion for a directed verdict.

The view taken renders it unnecessary to pass upon the other questions presented.

Reversed, with directions to enter judgment in favor of defendant.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.