SOUTHERN STATES LIFE INS. CO. v.
MATTHEWS.

No. 6583.

United States Court of Appeals
Fourth Circuit.

Argued June 8, 1953.

Decided July 21, 1953.

Charles W. Waring, Charleston, S. C. (Waring & Brockinton, Charleston, S. C., on the brief), for appellant.

Paul M. Macmillan, Charleston, S. C., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

## SOPER, Circuit Judge.

This appeal is taken from a judgment for $4,000 in favor of Catherine Matthews, the beneficiary named in a certificate of insurance issued to Thomas A. Matthews and based on a master group policy of life insurance issued to the South Carolina Peace Officers Association, of which Matthews was a member. The policy was issued by Southern States Life Insurance Company for the term of one year from October 15, 1950 to October 15, 1951. It provided that it might be renewed from year to year for a further term of one year upon payment of the required premium prior to the expiration date, or within a grace period of one month thereafter. The premiums on the policy were duly paid on the monthly basis for the year ending October 15, 1951 and Matthews was covered during this year. But the policy was not renewed at the end of the year nor until January 4, 1952 and in the meantime Matthews died on December 18, 1951.

The delay in paying the premiums grew out of the fact that the company exercised the right given it by the policy to increase the premium rates at the end of the policy year; and the representative of the association, although notified of the change, sent a check to the company in October, 1951 for the monthly premium at the old rate. This check was returned with information as to the correct amount, but no attempt at payment was made until December 18, 1951, the day on which Matthews died, when a check for the correct amount was mailed to the company. The check was received on December 20 and deposited, but it was returned for lack of sufficient funds. It was finally made good on January 4, 1952. It was of sufficient amount to cover Matthews and his name was included in the list of the insured forwarded to the company. The company, however, had no notice of his death.

At the trial in the District Court the Insurance Company moved for a directed vedict in its favor on the ground that no contract of insurance between the company and the members of the group was in existence at the time of Matthews' death; but the judge overruled the motion and submitted the case to the jury to determine whether the company waived its right to cancel the policy for nonpayment of premiums, when due, by accepting and retaining premiums from the group, including Matthews, after he had died. The jury found for the plaintiff and this appeal followed.

■■ The judge was of the opinion that the company had the right to cancel the policy for nonpayment of the premiums but that instead of exercising this right and giving notice of cancellation, the company accepted and retained the premium in January, 1952; and therefore there was evidence from which the jury might infer that the company had waived its right of cancellation and intended to maintain the policy in force, and if so, the jury should find a verdict for the plaintiff even though the company had no knowledge of Matthews' death when it received the premium.

This statement of the law of the case in our opinion was incorrect. It was based upon the misconception that the policy survived the association's failure to pay the premium for a renewal of the contract in accordance with its terms, and upon the mistaken view that it was an immaterial

circumstance that the renewal premium was paid and accepted after the death of Matthews and without knowledge thereof on the part of the company. The policy was a term policy for the period of a year; it ceased to exist by virtue of its express terms when the association failed to take steps to renew it; and hence no declaration or notice of forfeiture on the part of the company was needed to bring about the termination of the contract. It fell of its own weight. The decisions of the Supreme Court of South Carolina support this interpretation of a policy of life or accident insurance for a limited term and hold that a renewal is in effect a new contract which cannot be consummated without a meeting of the minds on all the essentials of the agreement. Thompson v. Pacific Mills, 141 S.C. 303, 139 S.E. 619, 55 A.L.R. 1237; Hodge v. National Fidelity Ins. Co., 221 S.C. 33, 68 S.E.2d 636.

The principle of waiver by an insurer is frequently applied to a continuous contract of insurance for life, subject to forfeiture for nonpayment of premium, when the insurer does not treat the insurance as cancelled after a default, but, on the contrary, leads the policyholder to believe that it is still in effect by some conduct on its part, such as accepting premiums after it has knowledge that the default has occurred. In such cases it is held that the company has waived its right to forfeit the policy and is still bound by the contract of insurance. Hartford Life & Ann. Ins. Co. v. Unsell, 144 U.S. 439, 12 S.Ct. 671, 36 L.Ed. 496; 29 Am.Jur., Insurance, 855, 856. Cf. Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879; Rabb v. New York Life Ins. Co., 108 S.C. 137, 93 S.E. 711.

 Decisions of this sort are not pertinent to the case at bar because the contract under which Matthews was insured came to an end by its very terms before the renewal agreement came into effect in January, 1952. Moreover, even if we should disregard the fact that the policy in suit was a contract for the term of one year, and treat it as a continuous contract for the life of the insured, or as a policy which contained express provisions for reinstatement after a lapse, the company could not be held liable under the doctrine of waiver. It is firmly established that the quency, if the insurer has no knowledge acceptance of overdue premiums on a life insurance policy after death of the insured does not constitute a waiver of the delinof the death, since in such case there could obviously be no intentional relinquishment of a known right. Goorberg v. Western Assurance Co., 150 Cal. 510, 89 P. 130, 10 L.R.A.,N.S., 876; Kansas City Life Ins. Co. v. Davis, 9 Cir., 95 F.2d 952, 957; Taylor v. Mutual Benefit Health & Accident Ass'n, 8 Cir., 133 F.2d 279, 292; O'Connor v. Metropolitan Life Ins. Co., 121 Conn. 599, 186 A. 618; Stonewall Life Ins. Co. v. Cooke, 165 Miss. 619, 144 So. 217.

The same rule is applied in respect to policies of fire insurance where, after the lapse of a policy for nonpayment of premiums, the property is destroyed by fire and the company, without knowledge of the loss, accepts payments of the premiums that are overdue. Pearlstine v. Westchester Fire Ins. Co., 70 S.C. 75, 49 S.E. 4; Continental Ins. Co. of New York v. Stratton, 185 Ky. 523, 215 S.W. 416, 8 A.L.R. 391; Continental Ins. Co. of New York v. Hargrove, 131 Ky. 837, 116 S.W. 256. See also Commercial Standard Ins. Co. v. Robertson, 6 Cir., 159 F.2d 405, 408.

 The result is not changed by the fact that the Insurance Company received premium payments on account of Matthews after his death, but without knowledge thereof, and subsequently, after learning of his death, retained the premiums and denied liability under the policy, but did not offer to return the payment prior to the trial. Where an insurer after a loss first obtains knowledge of facts which prevent the risk from attaching, a waiver or estoppel cannot be predicated upon the mere retention of the premium, since the rights of the parties have already become fixed. 45 C.J.S., Insurance, § 716, p. 699; Pearlstine v. Westchester Fire Ins. Co., 70 S.C. 75, 83, 49 S.E. 4; Goorberg v. Western Assurance Co., 150 Cal. 510, 89 P. 130, 10 L.R.A.,N.S., 876.

It is obvious that no other rule would be tenable for the insurance of a life or a property which does not exist can have no legal validity. The judgment of the District Court is reversed.

Reversed.