MINNET, JAMES F., Associate Judge.
This is an appeal by the appellant, Eileen J. Nielsen, from a decree denying her prayer for reformation of a deed from Eileen J. Nielsen and Paul Nielsen (deceased), as husband and wife, to Paneil, Inc., a Florida corporation.
Prior to January 3, 1963, the plaintiff, Eileen J. Nielsen, and her husband, Paul Nielsen, were owners by the entirety of the tract of land subject to this lawsuit. The property and portions thereof were not susceptible to easy description but involved survey and detail metes and bounds. In addition, the Nielsens together owned 100 per cent of the stock of Paneil, Inc. Paul Nielsen died in 1964. In the fall of 1962, Paul Nielsen needed money to construct a building on a portion of the property on which Paneil was operating its business. Accordingly, he and his wife as president and secretary of Pa-neil, Inc., executed a mortgage payable to the First Federal Savings and Loan Association at Delray Beach in the amount of $125,000. This began a chain of conflicting documents concerning the property and portions thereof. The husband and wife, on December 26, 1962, by deed conveyed without consideration the entire tract to Paneil, Inc., but the construction loan mortgage to First Federal Savings and Loan Association covered only a part. After the husband’s untimely death in 1964, the wife discovered the discrepancy between the deed and the mortgages and demanded that Paneil recon-vey the tract claimed to have been erroneously included in the deed of December 26, 1962.
Again, prior to Paul Nielsen’s death, Eileen J. Nielsen and Paul Nielsen, as husband and wife, executed a mortgage deed dated January 8, 1963, to John P. Erickson and Esther Erickson in the amount of $50,000, covering the northern portion of the land which had already been conveyed to Paneil. *895 Mrs. Nielsen contends that the Erickson mortgage would not have been executed had there been any question in their minds that they did not have title to the property mortgaged thereby.
The record establishes that at the time of the First Federal mortgage transaction Nielsen, an impetuous fellow, said to the scrivener:
“I’ve got to get that money, and I’ve got to get it today.”
It is contended, therefore, that Paul Nielsen and Eileen J. Nielsen, in their conveyance of Paneil, Inc., did not intend to convey the entire property but rather intended to convey only that portion having to do with the construction of the building for Paneil for which the loan was sought and a mortgage given. Paneil relied upon the conveyance made by Nielsens and after obtaining the loan constructed a building and a parking area on the southern portion of the property.
Equity has power to reform instruments to prevent manifest injustice and to express the intent of the parties. See Spear v. McDonald, Fla. 1953, 67 So.2d 630. It is clear that the act of the Nielsens in mortgaging the northern portion of the property to the Ericksons following execution of the deed to their corporation and mortgage to the bank, indicates that the entire portion was not necessary to secure the bank loan used for construction later accomplished.
To us, the conveyance to the corporation together with the mortgage should be squared, one with the other. It does not accord with logic and reason to believe that the Nielsens, as owners, would execute a mortgage in the amount of $50,000 covering a portion of their property to the Ericksons, without believing that this portion of the property was still in their names. Here substantial restoration can be accomplished which will place each party in their proper position and align deeds with mortgages. It would be inequitable to reform this deed in any manner so as to reconvey the entire tract to Mrs. Nielsen. Consideration in this case is sufficient to support the transfer to the corporation because the mortgage itself is sufficient. The relationship of the parties prior to the husband’s death was clearly one of alter ego so that mistakes could then be easily corrected or rectified.
We deem it would be manifest injustice not to reform to the intent of the parties, especially here because to do otherwise would obligate the wife to pay a $50,000 mortgage on property she does not own.
Accordingly, the squaring of the two mortgages with separate deeds will also require that each of the parties bear taxes and other costs from the dates of the mortgages forward.
Reversed and remanded for disposition consistent with this opinion.
ANDREWS and CROSS, JJ., concur.