JOHNSON, Judge.
This is an appeal from a final judgment of the Circuit Court of Okaloosa County, Florida, dismissing plaintiff’s complaint without leave to amend.
The appellant, plaintiff below, is the widow of J. C. Moore, deceased. J. C. Moore had been an employee of the City of Crest-view, Florida, for a number of years and was such an employee on August 1, 1963, the date on which the appellee Peninsular Life Insurance Company issued to the City *722 of Crestview the insurance policy involved herein, or at least, the date said policy became effective.
Said policy was a Master Group Policy issued to the City, with certificate numbers being issued to the employees covered thereby. Such a certificate was issued to J. C. Moore, and the appellant herein, then the wife of J. C. Moore, was named beneficiary of said policy
This Master Policy was a health policy and provided for waiver of premiums by an employee while under total disability. There was no question but what J. C. Moore was properly entitled to and was receiving the benefits of said policy under his disability resulting from a stroke suffered approximately ten months after the effective date of the policy, and while still an employee of the City. Pursuant to the terms of the policy, the right of J. C. Moore, the insured, to the waiver of premiums benefits was admitted and approved, and no further premiums were required to be paid by the said J. C. Moore because of his disability.
Said insurance policy also provided that any of the insured employees, “upon written application and the payment of the first premium to the Insurance Company within thirty-one days after the date of termination of his employment, for any reason whatsoever, shall be entitled to have issued to him by the Insurance Company, without evidence of insurability (Emphasis supplied), an individual policy of life insurance,” subject to certain provisions, not material to our decision, in the principal amount of $2,000.00.
The Insurance Company acknowledged Mr. Moore’s right to waiver of premiums, by letter directed to the Clerk of the City of Crestview. This letter also stated: “If the group policy should ever cancel with Peninsular, Mr. Moore would be entitled to a conversion privilege to an individual policy without evidence of insurability.” This letter was dated May 14, 1965, at a time when Mr. Moore, although disabled, was still alive and eligible to apply for and obtain an individual policy on his life for $2,000.00, without any evidence of insurability.
In this case in addition to the Master Group Policy issued by The Peninsular Life Insurance Company, said appellee Insurance Company, issued in conjunction therewith a certain certificate of insurance to and in the name of T. C. Moore, which certificate '/ J 1 was delivered to the said J. C. Moore. This certificate gave in brief form some of the benefits to the insured, and some of the conditions for conversion. Also, reference was made to the Master Policy for further detailed provisions. This certificate became a contract between the Insurance Company and the said J. C. Moore, entitling the said J. C. Moore to notice of change in the Master Policy. We therefore hold that a cause of action was sufficiently alleged in the complaint against the appellee Insurance Company to require further defense.
We also find and so hold, that the City of Crestview had become obligated to the said J. C. Moore to advise him of any change in his insurance status, and that the complaint sufficiently stated a cause of action against the City of Crestview that re)., quired affirmative defense, if any available; ' to preclude the insured from prevailing in his claim.
In all candor, this court recognizes certain discrepancies between the Master Policy, the certificate issued to Mr. Moore, and the interpretation of the benefits due Mr. Moore as contained in the letter of the Manager of the Group Insurance Division of the appellee Insurance Company, and for this reason we cannot nor do we attempt to place liability for ultimate payment of the appellant’s claim, feeling that this is a matter for determination by the trial court after hearing the defenses of the respective defendants. We do, however, by this decision preclude either defendant from asserting as a defense against the plaintiff, the failure of the said J. C. Moore to make application for conversion within 31 days after the *723 Master Policy between the City and Peninsular was cancelled.
The order dismissing the complaint is reversed, the complaint reinstated and the case remanded to the lower court for further proceedings not inconsistent with this decision.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.