MYRTLE DAVIS *v.* METROPOLITAN INSURANCE CO.

(*Knoxville.* September Term, 1930.)

Opinion filed November 28, 1930.

A. Y. Burrows, for plaintiff in error.

Kennerly & Key, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

As the beneficiary, holding a certificate under a group policy issued on application of the City of Knoxville to insure the members of the police and fire department, Myrtle Davis brought suit to recover a death benefit of $1000. The Circuit Judge tried the case without a jury and held that the policy had been cancelled before the death of the husband of Mrs. Davis and gave judgment for the defendant Company.

The Court of Appeals, holding that the cancellation agreed upon between the City and the Company was not

effective as against this beneficiary until the expiration of a thirty one day grace period provided for in the policy, reversed the trial court and gave judgment for the plaintiff below.

This Court has granted a petition for *certiorari* and argument has been heard. The policy is in the usual group form and was issued upon the application of the City of Knoxville, by its City Manager, as of March 22, 1927. It provided for the employer, City of Knoxville, to pay monthly, in advance, a premium based on the number of employees covered from month to month, according to a schedule. The contract between the City and the Company limited the proportion of the premiums to be collected from the various employees to twenty per cent thereof, the City paying the other eighty per cent, and the Company was unwilling that this proportionate payment should be changed. In this situation another Company, the American National, offered insurance on a basis satisfactory, and it was mutually agreed between the Metropolitan Company and the City of Knoxville that its policy should be cancelled as of midnight the 21st of June, 1927, three monthly premiums having been paid carrying the insurance to that date, and the City thereupon perfected its arrangements with the American National, effective as of the date of expiration, by agreed cancellation, of the Metropolitan policy. By bulletin notices and otherwise the various employees protected under the policy were notified of the proposed change and given an opportunity, which was accepted by the husband of Mrs. Davis, among others, to transfer into the American National.

Davis died on the 21st of July, 1927, one day before the expiration of the grace period which is relied on. Mrs. Davis, who had been in turn made beneficiary under the American National policy, and held a certificate issued to Davis thereunder, collected $2000 under this substituted policy, the benefit having been increased to that sum, and thereafter brought this suit to recover under the Metropolitan policy also. It was plausibly insisted, under a plea raising that issue, that the doctrine of estoppel should be given application, on the theory that her husband accepted and ratified the cancellation and the substitution of the American National policy, and that she did likewise in accepting the benefits thereunder. This plea was rejected by the trial Judge and also by the Court of Appeals, and we find it unnecessary to determine that issue, in view of the conclusion we have reached with respect to the binding effect upon Davis and other individual employee certificate holders under the Metropolitan policy, of the cancellation by the City of the Metropolitan policy as of the date to which the last premium paid by the City carried the policy. With respect to this latter question we are constrained to concur with the trial Judge.

The provision of the Metropolitan policy, a standard clause, on which the plaintiff relies, is as follows:

"The payment of any premium shall not maintain the insurance under this policy in force beyond the date when the next premium becomes payable, except as provided in the next paragraphs."

"A grace of thirty-one days without interest charge, will be granted to the employer for the payment of every premium after the first, during which period the insurance shall continue in force."

■ It must be borne in mind that this grace provision does not contemplate *free* insurance. The grace is allowed in order that the insured may have this extension of opportunity within which to pay another premium and thus avoid forfeiture for non-payment on the date fixed for payment. But the contemplation is that the charge accruing as compensation for a continuance of the liability obligation will ultimately be paid. This, of course, involves a mutual expectation that the policy contract is to be continued in force as between the parties, at least throughout the period of grace. For example, in this case the premiums were payable monthly in advance and the monthly premium charge is for that service, that is, the carrying of the risk for that month. If by a mutual agreement, or upon notice duly given by the insured, the contract of insurance between the parties is cancelled as of an approaching date, to which date the premium has been theretofore paid, the contract terminates as of that date, and all obligations as between the parties, on the one hand to pay further premiums, and on the other to incur extension of liability, are at an end.

■ Moreover, we are persuaded that the power of cancellation of this policy, applied for and issued to the City of Knoxville, was in the City and that its action was binding upon the several individual employees holding certificates issued thereunder. It appears that the courts which have considered these group policy contracts have held that the contracting parties were primarily the employer and the Company. The policy is applied for by the employer and issued to the employer and the insuring Company has no direct contractual relations with the several individual employees. It is the employer who pays the premiums to the Company and there is no

liability therefor to the Company on the part of the individual employees. The rights which the employees acquire are incidental merely.

The following cases are authority for the general proposition that the cancellation or rescission by mutual consent of a life policy prior to the death of the insured completely terminates the rights of the beneficiary thereunder: *Mutual Life Ins. Co.* v. *Phinney*, 178 U. S., 327; 44 L. Ed., 1088; *Roth* v. *Mutual Reserve L. Ins. Co.*, 162 Fed., 286; *Equitable Life Assn. Society* v. *Stough*, 45 Ind. App., 414; 89 N. E., 613; *Akers* v. *Hite*, 94 Pa., 394; 39 Am. St. Rep., 792; *German Ins. Co.* v. *Davis* (Ark.), 12 S. W., 155.

The specific question of the power of an employer to cancel a policy of group insurance has been dealt with in several reported cases cited on the brief. *Stoner* v. *Equitable Life Assn. Society*, 28 Dauphin Report (Pa.), 235; *Thompson* v. *Pacific Mills, et al.*, 141 S. C., 303, 139 S. E., 699 (1927).

In the last cited case the Supreme Court of South Carolina quite clearly recognized the employer and the Company as the "original contracting parties" with the right in these two parties, by mutual agreement, to extend or terminate the contract, or enter into an altogether new contract, holding that their action would be binding upon the employees for whose benefit the group policy was procured.

In the *Stoner case, supra,* it was said: "It is argued by the plaintiff that this policy could not have been cancelled or terminated without notice to the insured. To this contention we cannot assent. The insured was not a party to this contract. The beneficiary had no such vested interest in it as in an ordinary life policy, where

the beneficiary is named and no right to change has been reserved. In this policy contract a specific right to change the beneficiary was reserved. There was no overpayment of premiums by the insured as in any ordinary life insurance policy. It carried no cash surrender value. The employer had reserved the right to terminate the insurance. There is, therefore, no comparison between this contract and one which cannot be terminated without notice to the insured. This insurance was presented by the company to Stoner and its other employees, as it indicated in the letter transmitting the certificate, to emphasize the spirit of mutual helpfulness and good will. The Company might have changed its policy and declined to further carry the insurance. When the company notified the defendant Society to cancel or terminate the insurance, and the defendant Society entered such termination upon its records on April 12, 1924, it effectively wiped out this contract, and the rights of Franklin A. Stoner under it.''

We do not consider our statute making the solicitor of insurance the agent of the insurer applicable here. No question of agency arises. The City and the Company are the original contracting parties. It is the employer, here the City, which promised to pay the premiums, collecting in turn a *pro rata* from its several employees. No individual employee could have asserted a right to continue the policy independent of the employer. It follows that he could not have resisted a cancellation of the group policy by agreement between the employer and the Company.

Moreover, referring back to the grace clause relied on, it will be observed that it provides that, "A grace of thirty-one days without interest charge, will be granted

*to the employer* for the payment,'' etc. The words italicized are significant, and in harmony with the view we have taken, that the contract is primarily one between the Employer and the Company.

The judgment of the Court of Appeals is reversed and the suit dismissed.