**EZELL et al.**

v.

**ATLANTIC LIFE. INS. CO.**

**Civ. No. 1497.**

United States District Court,
M. D. Tennessee, Nashville Division.

Aug. 20, 1953.

Norman W. Harris, Decatur, Ala., for plaintiffs.

J. O. Bass, Nashville, Tenn., for defendant.

DAVIES, District Judge.

This is a suit against the Atlantic Life Insurance Company to recover on two policies of insurance issued by said

defendant on the life of Frank M. Martin.

On December 11, 1951, Frank M. Martin was piloting a private airplane owned by Royal Crown Bottling Company with his wife and child as passengers and so equipped that only one person, namely, the pilot, could participate in the operation of the plane. The plane crashed near Trenton, Florida, resulting in the death of all three occupants.

One of the insurance policies sued on carried a rider designated as "Exclusion of Certain Aviation Risks," in the following words:

"Any and all other provisions of this Contract to the contrary notwithstanding such Contract does not cover, and the following risk is not assumed: death resulting directly or indirectly from flight or travel in, or descent from or with, any kind of aircraft while the Insured is a pilot, co-pilot, or any other member of the crew thereof, or while such aircraft is being operated for the purpose of instructing, training, or learning how to fly. In the event of death so occurring the Company's only liability shall be the reserve on this Contract at the date of death."

A similar rider was attached to the other policy upon which this suit is based, and provides, in part, as follows:

"Death of the Insured under any of the following circumstances is a risk not assumed by the Company under this Contract:

"Death resulting directly or indirectly from flight or travel in, or descent from or with, (1) any kind or aircraft on which the Insured is a pilot, or any other member of the crew thereof, or (2) any kind of aircraft which is being operated for any training purpose whatsoever, or (3) any kind of military or naval aircraft while the Insured is in military or naval service."

A double indemnity rider was attached to each policy which excluded the additional benefit under the following circumstances:

"That said injury shall not result directly or indirectly from violence intentionally inflicted by another person, from self-destruction whether the Insured is sane or insane, or from being or having been in or on any kind of aircraft, except as a fare-paying passenger on a commercial air line, flying on a regularly scheduled route between definitely established airports, or from being or having been in or on any vessel or device for submarine descent;"

Counts One and Two of the complaint also set out in full the applications and supplemental applications made by the deceased for the two policies, in which the applicant disclosed that his former occupation had been that of an airline pilot, and that he had piloted aircraft and had taking flying lessons, and that he was a Captain in the Army Air Force Reserve.

The defendant has moved to dismiss the suit because the complaint, as amended, fails to state a claim against the defendant upon which relief can be granted, in that, by reason of the riders attached to said policies, there was no insurance in effect at the time Martin was accidentally killed.

■ The provisions of a policy of insurance are construed in the light of the insured's status and activities and the facts and circumstances surrounding its execution, including the matters shown in the application for insurance. Preferred Accident Insurance Co. v. Rhodenbaugh, 6 Cir., 160 F.2d 832.

■ All related provisions of an insurance policy must be read together to ascertain the meaning of any one, and the meaning of an aviation exclusion rider is affected by the terminology of the provisions of a double indemnity rider relating to aviation risks. Conaway v. Life Insurance Co. of Virginia, 148 Ohio St. 598, 76 N.E.2d 284; Provident Life & Accident Insurance Co. v. Anderson, 4 Cir., 166 F.2d 492.

■ It is obvious that the two riders in question were not as all inclusive as the double indemnity rider attached to each policy which very clearly states that the double indemnity benefit would not apply if the injury should result directly or indirectly from the Insured's being or having been in any kind of aircraft, except as a fare-paying passenger on a commercial airline. The Court attaches considerable significance to the wording of these different riders. It is apparent that the double indemnity rider excludes every injury resulting from the Insured's being or having been in or on any kind of aircraft, except as a fare-paying passenger on a commercial airline. If the defendant had desired the same exclusion to apply to the face value of the policies, it would have so stipulated; but instead of doing so, it narrowed the exclusions to death resulting directly or indirectly from flight or travel in, or descent from or with, any kind of aircraft while the Insured is a pilot, co-pilot, or any other member of the crew thereof, or while such aircraft is being operated for the purpose of instructing, training, or learning how to fly. It is the opinion of the Court that such exclusion does not apply to the Insured while piloting a private airplane that does not carry a co-pilot or a crew.

In view of the history of the Insured's previous activities as a pilot, the Court is of the opinion that the riders in question were attached to the policies so as to exclude coverage in the event that the Insured was acting as a pilot, co-pilot, or any other member of the crew on a commercial or military type plane that usually carries a crew, in addition to the pilot and co-pilot, or while acting as a pilot, co-pilot, or any other member of the crew on any aircraft being operated for the purpose of instructing, training, or learning how to fly; all of which appears, on account of regular and more numerous flights, to be considered more hazardous than the mere occasional piloting of a private plane.

■ It is a well settled rule of law that if two different constructions of an insurance policy may reasonably be employed, the courts uniformly adopt the one most favorable to the insured. National Bank of Commerce v. New York Life Insurance Co., 181 Tenn. 299, 181 S. W.2d 151; Baugh v. Metropolitan Life Insurance Co., 173 Tenn. 352, 117 S. W.2d 742.

The motion to dismiss will be denied.