## LIFE INSURANCE CO. OF NORTH AMERICA, Defendant-Appellant,

v.

## John A. LEE, Plaintiff-Appellee.

## No. 74–2334.

United States Court of Appeals, Sixth Circuit.

July 15, 1975.

Thomas V. White, William Thomas McHugh, Butler, Tune & Entrekin, Nashville, Tenn., for appellant-defendant.

Tom H. Rogan, Rogersville, Tenn., Tyree B. Harris, Hooker, Keeble, Dodson & Harris, Nashville, Tenn., for appellee-plaintiff.

Before LIVELY and ENGEL, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal from a judgment against the defendant-appellant, Life Insurance Company of North America, in favor of plaintiff-appellee, John A. Lee, in the United States District Court for the Eastern District of Tennessee. The case was tried to the Court on an agreed stipulation of facts.

Briefly stated, the pertinent facts are as follows: On or about March 1, 1969, Arcata National Corporation purchased from the appellant, American, a group insurance policy for the benefit of its

1. *DeCecco* v. *United States*, 1 Cir., 1973, 485 F.2d 372, 374.

employees. The policy, No. OK3145, known as the master policy, was delivered to Arcata on or about March 1, 1969. Subsequently Arcata acquired all of the capital stock and ownership of Kingsport Press, Inc., a corporation with its principal office at Kingsport, Tennessee. Upon Arcata acquiring Kingsport, appellee Lee having been an employee of Kingsport for thirty-nine years became eligible for coverage under group policy No. OK3145.

Mr. Lee made application for and received a certificate for $100,000. of coverage under the master policy. Mrs. John Jacobs, the broker who wrote the master policy, requested one thousand brochures with accompanying applications and enrollment cards. He would testify that these forms were delivered to Kingsport Press. Mr. Umberger, the official at Kingsport responsible for insurance, would testify that he received these forms and distributed them in one of his usual methods of distribution. Mr. Lee denies any present recollection of ever having seen such a brochure. Upon receipt of his certificate of insurance, Mr. Lee, unaware of the policy coverage, placed it in his lock box with his valuable papers.

Under "Coverage B" in the certificate Mr. Lee was insured against total permanent disability. It is conceded by appellant that the certificate contained this coverage. The certificate also contains the following statement:

> "The Company Hereby Certifies that the person identified above (John A. Lee) (herein called the insured) is insured under and subject to the terms, conditions and limits of liability of the policy (OK3145) as above specified, against loss resulting directly and independently of all other causes from bodily injuries caused by accident occurring while the policy is in force as to the insured, herein called such injuries."

The master policy did not include within its coverage, total permanent disability. This policy was retained at all times at Menlo Park, California, the headquarters of Arcata National Corporation. Mr. Lee paid the premiums required of him by his employer through payroll deductions and his insurance coverage remained in force throughout the period pertinent to the issues in this case. The monthly premium paid by Mr. Lee was $7.25, whereas the monthly premium for the coverage included in his certificate would have been $7.75.

On or about October 28, 1971, Mr. Lee was involved in a serious automobile accident as a result of which he became totally and permanently disabled. At the end of a year following his accident, Mr. Lee still being totally and permanently disabled made application to American to recover his disability benefits as provided by his certificate of insurance. At that time American discovered for the first time that every certificate of insurance which had been issued by it to individuals employed by Arcata and its subsidiaries were identical to the one issued to Mr. Lee. In other words, "Coverage B—Total Disability" clause should not have been included in the certificates.

Following this discovery a representative of American called on Mr. Lee and advised him that through error the insurance company issued the wrong certificate. American claims that the certificates that should have been issued were on different forms although identical to the ones that were issued except as to "Coverage B." American then recalled all of the certificates that had been issued under the group policy and issued new ones with the "Coverage B" clause omitted.

On this basis, that disability coverage was not included in the master policy, American refused payment. Mr. Lee filed his complaint in the District Court and on the Court's granting judgment against the defendant-appellant this appeal followed.

We find no merit to American's claim that it should be relieved of responsibili-

ty of payment because of clerical error. The master policy provides,

"Clerical Error: Clerical error by the Organization shall not invalidate insurance which would otherwise have been effective nor extend insurance which would otherwise have terminated under the terms and provisions of the Policy."

The organization referred to is Arcata and it is claimed that it erred in distributing the certificates. There is no stipulation of fact that Arcata knew or should have known of the discrepancy between the master policy and the certificates. If there was an error it was on the part of the agents of American. Certainly they knew or should have known what coverage was included in so important a document as the certificate which was to become the employees evidence of their insurance.

For the same reason we conclude that there is no merit to the appellant's claim of agency. We find no stipulation of fact that Arcata's agents had any knowledge at the time of the distribution of the certificates that they were incorrect.

Obviously, the real issue in this case is, which document controls, the master policy issued by American to Arcata or the certificate issued to Mr. Lee, and all other employees of Arcata, under the policy. Jurisdiction of the Court is invoked on the basis of diversity of citizenship. It is necessary therefore that the issue be determined under Tennessee law.

Two leading Tennessee cases in this field are: *Smithart v. John Hancock Mutual Life Ins. Co.,* 167 Tenn. 513, 71 S.W.2d 1059, and *Parks v. Prudential Ins. Co. of America,* D.C., 103 F.Supp. 493, *affd.* 6 Cir., 195 F.2d 302, upon the opinion of the District Judge. Counsel for appellant argue that *Parks* is a departure from Tennessee law and is thus a violation of *Erie v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, which holds that a diversity case must be determined under the law of the state whose jurisdiction is invoked. We disagree with counsels' contention.

The *Smithart* case involves a master policy between the insurer and employer and a certificate to the employee. Both provided for total and permanent disability. The policy expired on June 26, 1931. The complainant alleged that he became totally and permanently disabled on or before June 15, 1931, while the policy was still in force. His proof of disability was filed after June 26, 1931. The certificate fixed no time for filing proof of disability. The provision in the policy could be interpreted to require filing of proofs while the policy was in force, and the insurer argued that there was no liability for the reason that proof was not timely filed. Thus there was a conflict between the policy and the certificate.

The Court sustained the plaintiff's claim. While the Court did not specifically say that the certificate should prevail over the policy it achieved that result. The Court said at p. 1064 of 71 S.W.2d,

"As we interpret the contract, evidenced by the group policy and the certificate, the insurer contracted to pay the face value of the certificate upon receiving due proof that complainant died or became wholly and permanently disabled while the contract was in force. No time was stipulated within which proof of disability should be made, and proof within a reasonable time would meet the requirement of the contract."

See *Bank of Commerce & Trust Co. v. Northwestern Nat. Life Ins. Co.,* 160 Tenn. 551, 26 S.W.2d 135.

The Court pretty well summed up the law of Tennessee in the following statement.

"In the consideration of this case, we have kept in mind the ruling made in *Davis v. Metropolitan Ins. Co.,* 161 Tenn. 655, 32 S.W.2d 1034, that in contracts of group insurance the insurer and the employer are the original or directly contracting parties, and that the rights of the insured employees are incidental to the primary contract so entered into. But when, as here,

the insurer issues its certificates to the employees and the latter contribute a portion of the premium paid by the employer, there arises a definite contractual relation between the insured employees and the insurer, and the certificates become integral parts of the insurance contract. The group policy and the certificate are to be construed and enforced together."

*Parks, supra,* also involved a master policy between the insurance company and the employer and a certificate to the employee under the policy. As in *Smithart,* both the policy and the certificate provided coverage for total and permanent disability. At a time other than the anniversary date of the policy the insurance company and the employer agreed on an amendment to the policy, discontinuing the disability coverage. The complainant was never informed of this amendment and no new certificate was issued. Subsequently, the complainant employee and certificate holder became totally and permanently disabled and made claim for the benefits under his certificate. It was argued by the insurer that the complainant was bound by the amendment in the policy discontinuing the coverage.

There is a provision in this master policy not found in the case before us,

"The company will issue to the employer for delivery to each person insured under this policy an individual certificate setting forth the insurance protection to which such person is entitled hereunder and to whom such insurance is payable; * * * *"

This we think would not add anything to the validity of the certificates for certainly that would be inferred from the issuance of the policy and the certificates thereunder. The district judge for the Eastern District of Tennessee followed the law and reasoning of the *Smithart* case and the authorities therein cited.

One of the principles announced in the Tennessee cases is,

"The group policy and the certificate are to be construed and enforced together."

Where there is a definite conflict between the policy and the certificate, that is, there would be coverage under one and not under the other, the Court must decide. In *Parks,* the Court said,

"Where the certificate is a part of the group policy contract, in case of a conflict between them the terms of the certificate will control as between the employee and the insurer." 44 C.J.S. Insurance § 299b note 84, p. 1204.

This is a logical step from the reasoning of the *Smithart* case and we think does no violence to Tennessee law.

Coming now to the case before us we conclude that the district judge was right and that the judgment of the District Court should be affirmed.

According to the law of Tennessee in this type insurance, there is a contract between the insurer and the employer and a contract between the insurer and employee. Clearly here, the certificate which constituted the contract between American and the plaintiff-appellee provided coverage for total and permanent disability. The certificates involved here were prepared by American and delivered to Arcata for distribution to its employees. Mr. Lee made application for insurance under this contract between the insurer and the employees. These certificates were in force many months and it was only after liability attached that American complained that Mr. Lee's certificate did not express the true contract.

Neither the employer nor the employees contributed to any error in the form of certificates that was delivered to the insured employees. Where as here there is an irreconcilable conflict between the master policy and the certificates which would affect the coverage of the insured employees, we conclude that the certificates must control.

The judgment of the District Court is affirmed.