## 33823. FOUNDERS LIFE ASSURANCE COMPANY OF FLORIDA v. POE et al.

BOWLES, Justice.

Certiorari was granted in this case to review Division one of the Court of Appeals' decision in *Founders Life Assur. Co. v. Poe,* 145 Ga. App. 757 (245 SE2d 166) (1978), which held that a "suicide" clause contained in the credit life insurance master policy and certificates was ambiguous, and thus did not bar recovery under the facts of the case.

To briefly review the facts, Ansel Poe received a loan from the First National Bank of DeKalb County on November 5, 1975, and obtained credit life insurance from Founders Life for the amount of the loan. Thereafter, he renewed the loan four times, and obtained credit life insurance each time. The last note renewal for $18,000 was made on May 12, 1976, and $9,000 worth of credit life insurance was written for the new loan.

The insurance contract between Founders and Poe consisted of a certificate and a master group policy. Each contained a clause which limited Founders' liability to the amount of the premiums paid, if the borrower committed suicide within six months of the effective date of the policy's coverage. It is undisputed that Ansel Poe committed suicide on June 1, 1976.

Poe's wife, Martha S. Poe, brought suit to recover under the insurance contract, and to deny recovery to the First National Bank. She contended that her husband was continuously insured by Founders for a period of more than six months prior to his death, and thus, the suicide provision of the insurance contract was not applicable. Mrs. Poe also contended that the First National Bank of DeKalb County had no interest in the proceeds of the insurance because it elected not to make any claim upon the insurance contract, and for the reason that in a pending action seeking cancellation of the note on the loan in issue, Mrs. Poe had deposited into escrow funds sufficient to pay off the loan.

Founders and Martha S. Poe filed motions for judgment on the pleadings. The trial court ruled that Founders was liable to the First National Bank of DeKalb

County for $2,000.[1]

Founders appealed this decision to the Court of Appeals, arguing that no coverage existed under the insurance contract. Mrs. Poe also appealed to the Court of Appeals arguing that she was entitled to the proceeds rather than the First National Bank of DeKalb County, and that she should recover the full amount of coverage in existence on June 1, 1976, which was $9,000.

The Court of Appeals reversed the trial court, finding that the suicide exclusion in the master policy was ambiguous, and thus did not apply to defeat recovery under the policy. In reaching this conclusion, the Court of Appeals relied on the terminology used in the suicide clause which referred to the effective date of the "coverage," which they construed to have begun on November 5, 1975. Although we do not find the terminology in the suicide clause to be ambiguous, we affirm the result reached by the Court of Appeals and would allow the recovery of $9,000 under the terms of the policy.

It is generally held that when a policy of life insurance is canceled or surrendered and replaced by a new agreement, the new policy does not create a new contract of insurance, but effects a continuance of the original contract so that the liability of the insurer for death by suicide is not affected by the fact that death occurred within the period specified in the new policy's suicide clause. If the new policy is so different as to constitute an entirely new agreement the original suicide clause is inapplicable; but where the latter is identical or at least substantially similar to the old policy, it is usually held that the policies should be considered as one

---

[1]The court ruled that as the original loan of $8,000 was more than six months old, that portion of the total indebtedness was not subject to the suicide clause of the policy of insurance sued upon, and Founders was liable for the percentage that such original $8,000 bears to the $18,000 owed by the debtor at the date of his death, or 8/18th of the sum owed, divided by two as the sum was insured on a 50 per cent basis.

agreement. See 1 Appleman, Insurance Law and Practice, § 369 (1965); 9 Couch on Insurance § 40:52 (2d Ed. 1962); Anno., Insurance — Suicide Clause — Reinstatement, 98 ALR 344 (1935); Anno., Suicide Clause — Inception of Risk, 37 ALR3d 933 (1971).

A recent case following this rule is Occidental Life Ins. v. Hurley, 513 SW2d 897 (Tex. Civ. App. 1974). There the court held that when the policy was canceled or surrendered and replaced by a new agreement, the operation of a suicide clause was to be reckoned from the effective date of the old policy where there was no substantial difference between the two contracts. Other cases following this rule are: Aetna Life Ins. Co. v. Dunken, 266 U. S. 389 (45 SC 129, 69 LE 342) (1924); Binkley v. Manufacturers Life Ins. Co., 471 F2d 889 (10th Cir. 1973); Owenby v. General United Life Ins. Co., 34 Colo. App. 33 (524 P2d 636) (1974); Baugh v. Metropolitan Life Ins. Co., 173 Tenn. 352 (117 SW2d 742) (1938); Morse v. General American Life Ins. Co., 130 Neb. 37 (263 NW 676) (1935); Silliman v. International Life Ins. Co., 131 Tenn. 303 (174 SW 1131) (1914); Arrowsmith v. Old Colony Life Ins. Co., 164 Ill. App. 44 (1911); Sexton v. National Life Ins. Co., 40 Colo. 60 (90 P 58) (1907).

In the instant case, each renewal of insurance coverage was issued under and subject to the terms of the Master Group Credit Insurance Policy. Each new certificate of insurance issued to Ansel Poe upon the occasion of renewal was essentially the same as the certificate it replaced. Therefore, we hold that the suicide provision of the May 12, 1976, policy related back to the original transaction of November 5, 1975, and should not be construed independently of, but as a continuation of the obligations and conditions of the original policy and agreement. The Court of Appeals correctly found that full recovery of $9,000 was due under the terms of the policy.

We affirm Division 2 of the Court of Appeals' opinion.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 18, 1978 — DECIDED NOVEMBER 22, 1978 —

REHEARING DENIED DECEMBER 20, 1978.

*Heyman & Sizemore, William H. Major, Joseph M. Feuer,* for appellant.

*Roy J. Leite, Jr., James Arogeti, M. Hardeman Blackshear,* for appellees.