## CIRCUIT COURT OF DICKENSON COUNTY

Rita French

v.

Shenandoah Life Insurance Co.

April 22, 1985

By JUDGE GLYN R. PHILLIPS

The insured, Mr. French, was an employee of Lambert Coal Company. The terms of his employment included coverage under a group policy which Lambert Coal Company had with Shenandoah Life Insurance Company. Mr. French died in a slate fall at one of the mines operated by Lambert Coal Company.

The Master Policy, retained by Lambert's, provided that accidental death benefits are not payable for any loss to which a contributory cause is injury arising out of the course of employment. The certificate describing the group policy issued to Mr. French was duplicative of the benefits described in the Master Policy, except that it failed to include the exclusion for on-the-job death in the accidental death section. Shenandoah has paid the $25,000.00 life benefit, but has refused to pay the $25,000.00 accidental death benefit.

Plaintiff, Rita French, has filed a Motion for Judgment alleging that Shenandoah is contractually obligated to pay the accidental death benefit. She also prays for punitive damages, and attorney's fees under Virginia Code Section 38.1-32.1.

It is the opinion of the Court that the Plaintiff, Rita French, is not entitled to attorney's fees. Virginia Code Section 38.1-32.1 would allow recovery if the Court could find that the insurer had not acted in good faith. There are no relevant facts which would support finding that the omission from the certificate

was other than clerical error. The Plaintiff has the burden of proving bad faith, her failure to do so compels the Court to deny her request for attorney's fees.

It is the opinion of the Court that Plaintiff should be denied punitive damages. In *Kamlar Corp.* v. *Haley*, 224 Va. 699, 299 S.E.2d 514 (1983), the Supreme Court held that a party must prove a willful and intentional tort before the Court could award punitive damages. Plaintiff has failed to show that the omission from the certificate of the exclusion for on-the-job accidental death benefits was anything other than an error or mistake. Again the Plaintiff has failed to carry her burden of proof and the Court must deny punitive damages.

The Court grants the Motion for Summary Judgment in the amount of $25,000.00 accidental death benefits.

Virginia Code Section 38.1-428 requires the insurer to prepare and deliver to the insured an individual certificate setting forth the insurance protection with rights and conditions to which the insured is entitled. Thus, in order to meet the statutory requirements the insurer must supply the insured with an accurate description of his policy. *USAA Casualty Insurance Company* v. *Gerard Yaconiello*, 226 Va. 423, 309 S.E.2d 324 (1983), held that if the terms of the policy are inconsistent with statutory provisions the statutory provisions must prevail.

The fact that the master policy contained an "entire contract" provision stating that "[T]his policy and the group policyholder's application form the entire contract" is not determinative. In *Halverson* v. *Metropolitan Life Insurance Company*, 286 N.W.2d 531 (1979), the South Dakota Supreme Court ruled that these limiting provisions in the master policy cannot prevail since it is the legislative intent that an insured employee be able to rely on the contents of the certificate issued to him. *Riske* v. *National Casualty Company*, 67 N.W.2d 385 (1954), and *Life Insurance Company of North America* v. *Lee*, 519 F.2d 475 (1975), held that the terms of a certificate are binding upon the insurer even when they are in conflict with the master policy. Furthermore, when the terms of a certificate are in conflict with the master policy, the construction most favorable to the employee should

be used. *Martin v. Crown Life Insurance Company*, 658 P.2d 1099 (1983).

The employee had no access to the master policy retained by Lambert Coal Company. There is no evidence that he was aware of its contents. Mr. French had to rely on the provisions listed on the certificate as being an accurate representation of the features of his coverage. The certificate and master policy constituted the contract as between the insurer (Shenandoah) and Mr. French. *Equitable Life Assurance Society v. Wagoner*, 269 So.2d 747 (1972), held that, when there is a conflict between the master policy and the certificate, the contract between the insurer and the individual employee would consist of both the master policy and the certificate and the conflict should be resolved so as to provide the broadest coverage. *Martin v. Crown Life Insurance*, at 1103, held that an employee should be able to rely on the certificate as it is his primary source of information concerning his coverage under the group policy. This reliance was detrimental to Mr. French to the extent that it deprived him of the opportunity to seek additional coverage that would have provided on-the-job accidental death benefits. The Defendant is therefore estopped from denying the coverage set forth in the provisions of the certificate.

Summary Judgment for the Plaintiff is granted in the amount of $25,000.00.