James B. Summers, Richard H. Allen, Jr., Memphis, for defendants-appellees.

Mary Katherine WATSON, on behalf of herself and the Estate of James A. Watson, Jr., deceased, Plaintiff–Appellant,

v.

PILOT LIFE INSURANCE COMPANY; James Cole; and Cook, Treadwell, and Harry, Defendants–Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Aug. 27, 1987.

Permission to Appeal Denied by Supreme Court Nov. 23, 1987.

HIGHERS, Judge.

This is an appeal from a decision of the Circuit Court of Shelby County granting summary judgment to the defendants, Pilot Life Insurance Company, James Cole, and Cook, Treadwell & Harry.

Mary K. Watson is the surviving spouse of the decedent, James A. Watson, Jr., who died in an automobile accident on April 1, 1983. At the time of his death, James Watson was an employee of Gordons Transport, Inc. (Gordons).

Gordons provided its employees and their families with a group life insurance program; this group insurance program was administered by First Tennessee Bank of Memphis (Trustees), as Trustees for the Gordons Transport, Inc. Profit Sharing Plan for Hourly–Paid Employees.

Upon her husband's death, Mary Watson submitted a claim for life insurance benefits under the group policy. The claim was denied because the policy had lapsed effec-

tive January 31, 1983. Ms. Watson subsequently brought this action to recover benefits under the policy. The trial court granted the defendants' motion for summary judgment, and the plaintiff has appealed.

In 1979, Pilot Life Insurance Company (Pilot) issued to the Trustees a group life insurance policy, no. 15381. Pilot issued the policy through its agent, James Cole, an employee of the insurance agency of Cook, Treadwell & Harry. All premium payments were made by the Trustees, as Policyholder. At no time were premium payments required of, or solicited from the decedent by payroll deduction or otherwise.

On January 1, 1982, the group policy was renewed through payment of the premium that was due. The next premium came due on January 1, 1983; however, the policy contained a grace period extending coverage through January 31, 1983. The Trustees did not pay the 1983 premium by January 31, and the policy lapsed.

The plaintiff contends that the trial court erred in granting summary judgment to the defendants; she maintains that she is entitled to judgment as a matter of law. Her theories are two-fold: First, she insists that a contractual relationship existed between the decedent and Pilot which entitled the decedent to notice of the cancellation of the policy. Second, the plaintiff argues that Pilot's failure to notify the decedent of cancellation violated T.C.A. § 56–7–601(a)(3)(H)–(I), denying him the privilege of converting his group insurance to an individual policy.

We first point out that plaintiff's counsel conceded during oral argument before this Court that defendants James Cole, and Cook, Treadwell & Harry, had no obligation, statutory or otherwise, to give the decedent notice that the policy had lapsed, and had no contractual relationship with the decedent. Therefore, we affirm the trial court's grant of summary judgment as to these defendants.

With regard to the plaintiff's contention that the group policy created a contractual relationship between Pilot and the decedent, the courts of Tennessee have for many years held to the contrary. In *Davis v. Metropolitan Life Insurance Co.*, 161 Tenn. 655, 32 S.W.2d 1034, 1035 (1930), our Supreme Court stated:

It appears that the courts which have considered these group policy contracts have held that the contracting parties were primarily the employer and the company. The policy is applied for by the employer and issued to the employer, and the insuring company has no direct contractual relations with the several individual employees. It is the employer who pays the premiums to the company, and there is no liability therefor to the company on the part of the individual employees. The rights which the employees acquire are incidental merely.

Subsequently, the Supreme Court distinguished between cases involving group policies for which the employees pays a portion of the premium, and cases such as this one, where the insurance is a gratuitous benefit funded wholly by the employer:

In the consideration of this case, we have kept in mind the ruling made in *Davis v. Metropolitan Ins. Co.*, 161 Tenn. 655, 32 S.W.(2d) 1034, that in contracts of group insurance the insurer and the employer are the original or directly contracting parties, and that the rights of the insured employees are incidental to the primary contract so entered into. But when, as here, the insurer issues its certificates to the employees and the latter contribute a portion of the premium paid by the employer, there arises a definite contractual relation between the insured employees and the insurer, ...

*Smithart v. John Hancock Mutual Life Insurance Co.*, 167 Tenn. 513, 71 S.W.2d 1059, 1064 (1934). See also, *Baugh v. Metropolitan Life Insurance Co.*, 173 Tenn. 352, 117 S.W.2d 742, 743 (1938). This rule was recently restated in *Paul v. Insurance Company of North America*, 675 S.W.2d 481, 483 (Tenn.App.1984).

The law of Tennessee is clear that where a group insurance policy is non-participatory, in that the employee contributes nothing to the payment of the premiums, no contractual relationship arises between

the employee and the insurer. Therefore, Pilot was under no contractual obligation to provide the decedent with notice that the group policy had lapsed.

The plaintiff also argues that language contained in the policy certificate itself required Pilot to give the employees notice that the policy had lapsed. We are unable to find any such language, however.

 The plaintiff next contends that Pilot's failure to notify the decedent that the policy had lapsed violated T.C.A. § 56–7–601. Paragraph (a)(3)(I) of that section requires that every group life insurance policy contain

> A provision that if the group policy terminates ... every person insured thereunder at the date of such termination ... shall be entitled to have issued to him by the insurer an individual policy of life insurance ...

Nothing in the statute or in the policy certificate required Pilot to notify the decedent that the right of conversion was exercisable. In fact, both the statute and the certificate contain language acknowledging that notice might not always be given. T.C.A. § 56–7–601(c) provides:

> If any individual insured under a group life insurance policy ... becomes entitled ... to have an individual policy of life insurance issued to him ..., and if such individual is not given notice of the existence of such right at least fifteen (15) days ... then in such event the individual shall have an additional period within which to exercise such right ...

The policy certificate provides that an employee insured under the group policy must make written application for, and pay the first premium on, an individual policy within thirty-one (31) days after the group coverage ceases. However, if notice of the right to convert is not given at least fifteen (15) days before the end of that 31–day period, the employee is allowed an additional period within which to exercise the right. In addition, the certificate specifically states that

> [I]f you die after the end of the initial thirty-one day period allowed for conversion and before an individual policy is-

sued to you during the additional period allowed for conversion becomes effective, no amount of life insurance you would have been entitled to convert will be paid to your beneficiary.

Thus, since the group policy lapsed on January 31, 1983, and James Watson's death did not occur until April 1, 1983, the plaintiff would not have been entitled to collect under the group policy under any circumstances. Whether an individual policy would have been in effect would have been determined solely by the date the insured made application to convert and paid the initial premium.

Pilot did not deprive the decedent of any right of conversion under T.C.A. § 56–7–601.

The trial court's order of summary judgment is affirmed as to all the defendants. Costs of the appeal are taxed to the appellant.

TOMLIN, P.J. (W.S.) and CRAWFORD, J., concur.